SUBURBAN TRANSIT CORP. and
American Bus Association,
Petitioners,

v.

INTERSTATE COMMERCE COMMIS-
SION and United States of
America, Respondents.

No. 85–1271.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 13, 1986.

Decided March 7, 1986.

Charles A. Webb, Arlington, Va., for petitioners.

Essie F. Stevens, Atty., Interstate Commerce Com'n with whom Robert S. Burk, Gen. Counsel, John J. McCarthy, Jr., Deputy Associate Gen. Counsel, Interstate Commerce Com'n, Robert B. Nicholson and John P. Fonte, Attys., Dept. of Justice, Washington, D.C., were on brief, for respondents.

Before WALD, EDWARDS and SCALIA, Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

Under section 7 of the Bus Regulatory Reform Act of 1982 ("BRRA"), holders of certificates authorizing passenger operations can request the automatic removal of "any operating restriction imposed on the certificate in order to authorize interstate transportation to intermediate points on any route covered by the certificate." 49 U.S.C. § 10922(i)(4) (1982). The Interstate Commerce Commission ("the Commission") must grant this request unless the removal of the operating restriction "will have a significant adverse effect on commuter bus service in the area." *Id.* If, however, the removal of the operating restriction would not result in the authorization of service to

intermediate points on the route, the Commission may remove the restriction only by resort to section 6 of the BRRA, which requires that the removal be "consistent with the public interest." 49 U.S.C. § 10922(c)(1)(A).

New Jersey Transit Bus Operations, Inc. ("New Jersey Transit") sought the removal of a restriction preventing it from carrying passengers between New Brunswick, New Jersey and New York City "via Interchange No. 9 of the New Jersey Turnpike." New Jersey Transit's certificate, however, also expressly authorized service between New York City and Atlantic City, *including "all intermediate points."* Acting pursuant to section 7, the Commission removed the New Jersey Turnpike restriction as an "operating restriction" whose removal would "authorize interstate transportation to intermediate points." We reverse.

 A court interpreting a statute is bound by the plain meaning of the statutory words unless this would lead to "absurd results ... or would thwart the obvious purpose of the statute." *National Small Shipments Traffic Conference, Inc. v. Civil Aeronautics Board,* 618 F.2d 819, 827 (D.C.Cir.1980) (quoting *Trans Alaska Pipeline Cases,* 436 U.S. 631, 643, 98 S.Ct. 2053, 2061, 56 L.Ed.2d 591 (1978)). The plain language of the statute permits the Commission to use section 7 to remove operating restrictions only if their removal would authorize service to any intermediate point along a carrier's entire route. The certificate in this case, however, already authorizes service to *all* intermediate points on New Jersey Transit's *entire* route. The effect of the removal of the restriction at issue, therefore, is not to authorize intermediate point service. Rather, as Commission counsel conceded at oral argument, the restriction only prohibits *access* to an intermediate point *via the Turnpike.* As such, this restriction cannot be removed under section 7; the plain language of section 7 simply does not permit the removal of operating restrictions when service to all intermediate points on the route is already expressly permitted by the certificate.

Additionally, the Commission's position would result in an anomaly plainly not contemplated by Congress: Commission counsel agreed that if a routing restriction applies to the entire route, section 7 cannot be utilized to remove the restriction; yet, counsel contended that section 7 does apply when, as here, only a portion of the route is affected by a routing restriction. This result defies common sense, and there is nothing in the language of the statute to support such an interpretation.

We hold, therefore, that the Commission may remove this restriction only by invoking the procedure provided by section 6. As we observed in *Trailways, Inc. v. ICC,* 727 F.2d 1284, 1289–90 (D.C.Cir.1984), "[s]ection 7 procedure allows no opportunity for the Commission to reject an application as not in the public interest," and "[s]ection 7 thus amounts to a statutorily authorized means for a carrier to circumvent [s]ection 6's public interest determination." While a public interest determination is not required to lift those restrictions that prohibit service to intermediate points on a route, the routing restriction at issue in this case does not prohibit intermediate point service.

The Commission's order is therefore

*Reversed.*