**Serge MARQUIS, Gail Marquis**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION.**

**Civ. No. 91–436–D.**

United States District Court,
D. New Hampshire.

Dec. 10, 1991.

Jay L. Hodes, Manchester, N.H., for plaintiffs.

Michael F. Merra, Nashua, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

Before the court, after hearing, are the issues raised by a motion to dismiss for lack of jurisdiction in Civil No. 91–436–D, *Marquis v. FDIC.* Document no. 6. That motion was filed by Federal Deposit Insurance Corporation (FDIC).

### 1. Background

On February 13, 1991, the plaintiffs, Serge and Gail Marquis, commenced a state court action against Hillsborough Bank and Trust Company ("HBT"). On August 30, 1991, the New Hampshire Bank Commissioner declared HBT to be insolvent and appointed FDIC as Receiver. New Hampshire Revised Statutes Annotated (RSA) 395:10–a.[1] FDIC accepted the appointment, and on September 30, 1991, it removed the Marquis action to this court.[2]

---

1. RSA 395:10–a provides:

   Upon petition by the bank commissioner for the state to the superior court, the court may authorize the commissioner to appoint the Federal Deposit Insurance Corporation as liquidating agent of the bank commissioner, subject to consent of the FDIC, allowing the FDIC to take possession of the assets, both legal and equitable, of a legally insolvent or closed New Hampshire bank. As liquidating or receiving agent appointed by the bank commissioner with the permission of the court, the FDIC may assist the bank commissioner in the performance of his duties pursuant to this chapter, completing the final liquidation of such institution and vacation of its charter.

2. HBT had commenced an action in state court against the Marquis as defendants on February 28, 1991. That action, in which FDIC now ap-

On October 28, 1991, the motion at issue was here filed. Plaintiffs filed their objection on November 6, 1991. Document no. 7.[3] Oral argument was heard on November 27, 1991.

## 2. Discussion

On August 9, 1989, the President signed the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA).[4] With certain exceptions not here relevant, FIRREA provides that all civil actions to which FDIC is a party "shall be deemed to arise under the laws of the United States," 12 U.S.C. § 1819(b)(2)(A), and that "without bond or surety" such actions may be removed "from a state court to the appropriate United States district court." 12 U.S.C. § 1819(b)(2)(B).

Legislation hastily enacted in response to a perceived emergency occasionally gives rise to certain internal inconsistencies. As highlighted by the circumstances of this case, FIRREA is no exception.

FIRREA initially requires FDIC to publish a notice which provides a period of not less than 90 days during which claimants can file administrative claims. 12 U.S.C. § 1821(d)(3)(B). From the date of any such filing, FDIC has 180 days in which to either allow or disallow the claim and to notify the claimant of its determination. 12 U.S.C. § 1821(d)(5)(A)(i).

The filing of a claim with FDIC as receiver constitutes the commencement of an action, 12 U.S.C. § 1821(d)(5)(F)(i), and, following a period of 90 days, 12 U.S.C. § 1821(d)(12)(A)(ii), the filing of such claim "shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." 12 U.S.C. § 1821(d)(5)(F)(ii).

Additionally, within 60 days of either the end of the 180 days provided for claims consideration, 12 U.S.C. § 1821(d)(6)(A)(i), or the date of any notice of disallowance of such claim, 12 U.S.C. § 1821(d)(6)(A)(ii), whichever is earlier, a claimant may request administrative review of the claim, 12 U.S.C. § 1821(d)(6)(A)(ii). Alternatively, the claimant "may file suit on such claim (or continue an action commenced before the appointment of the receiver)." Id.

On an earlier occasion, this court noted that FIRREA, carefully read, distinguishes between cases where (as here) a suit is filed before FDIC takes over, and those in which claims are first sought to be advanced after FDIC has been appointed. Bank of New England, N.A. v. Callahan, 758 F.Supp. 61 (D.N.H.1991). In that case, however, no judicial action had been filed prior to the appointment of FDIC, and it was therefore unnecessary to resolve the issue. Id. at 64.

Without consideration of this distinction, FDIC here argues that the court must dismiss the instant action because of the language of a portion of FIRREA which provides:

**Limitation on judicial review.**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

Review of those cases in which a claim was initiated but after FDIC had been ap-

---

pears as plaintiff, was also removed to this court and has been consolidated as Civil No. 91–437–D, FDIC v. Marquis, with the action previously brought by the Marquis as plaintiffs.

**3.** As plaintiffs, Mr. and Mrs. Marquis do not object to any requirement that they file administrative claims with FDIC, but they do object to the position of FDIC that their case must now be dismissed and later refiled. They according-

ly seek stay or other remedy which will allow their case to remain suspended in this court until resolution of the administrative process.

**4.** The provisions of FIRREA are to be found in scattered sections of 12 U.S.C. § 1811, et seq. For the purposes of this action, the primary focus is largely on the provisions of 12 U.S.C. § 1821(d).

pointed receiver has proven to be of little assistance to this court. *See, e.g., Circle Indus., Div. of Nastasi–White, Inc. v. City Fed. Savings Bank,* 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd,* 931 F.2d 7 (2d Cir. 1991) (per curiam); *FDIC v. Shain Schaffer & Rafanello,* 944 F.2d 129 (3d Cir.1991); *Rosa v. Resolution Trust Co.,* 938 F.2d 383 (3d Cir.1991). And the court is likewise unpersuaded by the opinions in *United Bank of Waco v. First Republic Bank, Waco, N.A.,* 758 F.Supp. 1166 (W.D.Tex. 1991); and *International Fidelity Ins. Co. v. Yorkville Fed. Savings & Loan Assoc.,* 1990 W.L. 165720 (S.D.N.Y.1990). Both of the latter decisions rely in large part on the decision in *Tuxedo Beach Club Corp. v. City Fed. Savings Bank,* 737 F.Supp. 18, 19–20 (D.N.J.1990). It was the decision in *Tuxedo Beach,* however, which satisfied this court that there must be a distinction between cases where suit has been filed before FDIC has been appointed as a receiver and those where the claimants seek relief after such appointment. *See Bank of New England, N.A. v. Callahan, supra,* 758 F.Supp. at 64.

To hold that 12 U.S.C. § 1821(d)(13)(D), standing alone, grants authority to FDIC to dismiss all actions, including those which Congress has expressly provided may be continued after a specific hiatus of 90 days, renders the statutory provisions for continuance of such actions a nullity. The court cannot believe that Congress so intended, and finds that Judge Anderson of the District of Utah has recently held to the contrary. In a thorough and scholarly opinion, *Marc Dev., Inc. v. FDIC,* 771 F.Supp. 1163 (D.Utah 1991), Judge Anderson held that 12 U.S.C. § 1821(d)(13)(D) was intended only to insulate FDIC from judicial review of its actions as either receiver or administrative claims processor in cases where the claim was initiated after FDIC had been appointed receiver. *Id.,* 771 F.Supp. at 1167–68. Guarantee of the rights to continue a preexisting litigation equates with establishment of a duality of remedies available to those claimants whose suit was brought before FDIC was appointed receiver. *Id.* As Judge Anderson eloquently states:

Paragraph (d)(13)(D) states that no court shall have jurisdiction except as otherwise provided in subsection (d). *See* 12 U.S.C. § 1821(d)(13)(D). This leaves only two routes by which a claimant can pursue an action in court. First, for a post receivership lawsuit, the statute permits a claimant to file a suit within 60 days after the FDIC allows or disallows a claim filed with it. *See* 12 U.S.C.A. § 1821(d)(6). Second, paragraph (d)(5)(F)(ii) contemplates that lawsuits predating the receivership are intended to continue without prejudice except for the optional 90 day stay provided by paragraph (d)(12). This interpretation, reading subsection (d) to permit preexisting lawsuits to proceed without prejudice, gives effect to the stay paragraph and accomplishes the paragraph's purpose as explained by Congress, unlike the FDIC proposal. Congress intended the 90 day stay to give the FDIC a delay to acquaint itself with a lawsuit to which it abruptly becomes a party upon appointment as receiver. The stay grants FDIC an opportunity to familiarize itself with the suit and decide on a course of action without materially inconveniencing the other parties.

This interpretation of the scope of the jurisdiction limit also permits that limitation to be consistent with the language of paragraph (d)(6)(A). Paragraph (d)(6)(A) states, after FDIC's claim screening process is complete, a claimant has the option to "continue" a lawsuit filed prior to appointment of the receiver. 12 U.S.C. § 1821(d)(6)(A). The term "continue" implies that a party is proceeding forward in an ongoing case without an interruption in the court's jurisdiction. A claimant could not "continue" an action over which the court had been deprived of subject matter jurisdiction. The claimant would have to "refile" such a lawsuit because the suit would have been dismissed due to lack of subject matter jurisdiction.

The court's interpretation of the scope of the jurisdiction limit also serves the policy of conserving judicial resources.

To read the jurisdiction limit as not drawing a distinction between suits filed before and after the receivership would lead to the waste of considerable legal efforts. Conceivably, an action that had been pursued for years and had been submitted for decision to a jury or judge would have to cease immediately upon appointment of the receiver because the court would be without subject matter jurisdiction. The case would then await the completion of an approximately 330 day administrative process. In return for this lengthy delay, the judicial system would receive only an administrative decision from FDIC that does not bind the claimant. In effect, the statute would reach backward to deprive a court of established subject matter jurisdiction to permit the issuance of an advisory opinion by one of the parties. Surely if Congress intended this result, it would have clearly stated so in the statute or the legislative reports. The court is aware of no such expressions.

*Marc Dev., Inc. v. FDIC, supra,* 771 F.Supp. at 1168–69.

The court believes that Judge Anderson has correctly viewed the manner in which district courts must approach those cases where suit has been brought before FDIC has been appointed receiver.

### 3. Conclusion

For the reasons hereinabove stated, the motion of FDIC to dismiss for lack of jurisdiction is herewith denied. All proceedings in these consolidated cases are herewith stayed for a period of 90 days from the date on which the plaintiffs Marquis first filed their administrative claims. Counsel for the Marquis is directed to advise the court in writing as of the date of expiration of such 90 days in order that the case may then be restored to the court's calendar for further proceedings.

SO ORDERED.