In re GENERAL DEVELOPMENT,
CORPORATION, et al.,
Debtors.

GENERAL DEVELOPMENT
CORPORATION,
Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver for Southeast
Bank, N.A., Defendant.

Bankruptcy No. 90–12231–BKC–AJC.
Adv. No. 91–0697–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Dec. 31, 1991.

See also 124 B.R. 376, 135 B.R. 1002,
135 B.R. 1008, 135 B.R. 1015.

Mark D. Bloom, Greenberg, Traurig,
Hoffman, Lipoff, Rosen & Quentel, P.A.,
Miami, for General Development Corp.

Brian K. Goodkind, Adorno & Zeder,
P.A., Miami, for Federal Deposit Ins. Corp.,
as Receiver for Southeast Bank, N.A.

· Michael G. Williamson, Maguire, Voorhis
& Wells, P.A., Orlando, for Official Credi-
tors' Committee.

ORDER DENYING MOTION FOR RE-
CONSIDERATION OF FIRREA–RE-
LATED ISSUES AND REQUEST
FOR STAY

A JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court for
hearing in Miami on Wednesday, December
4, 1991 at 10:30 a.m., upon the Motion for
Reconsideration of FIRREA–Related Is-
sues in the November 4, 1991 Memoran-
dum Opinion and Order and Request for
Stay filed by the Federal Deposit Insurance
Corporation (the "FDIC"). The Court hav-
ing read and considered the Motion, heard
argument of counsel for the parties and
otherwise been duly advised in the premis-
es, issues the following findings of fact and
conclusions of law.

■ The original Defendant in this ad-
versary proceeding was Southeast Bank,

N.A. (the "Bank"). On September 19, 1991, the FDIC was appointed as Receiver for the Bank pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). On or about October 22, 1991, the FDIC requested a stay of all proceedings in this adversary proceeding for a period of 180 days from the date of its appointment. Plaintiff, on the other hand, contended that any such stay should be limited to ninety days from the date of that appointment. After hearing argument of counsel on October 23, 1991, this Court entered its Memorandum Opinion and Order dated November 4, 1991, concluding that under the plain meaning of Section 1821(d)(12)(A)(ii) of FIRREA, 12 U.S.C. § 1821(d)(12)(A)(ii), the FDIC was entitled only to a 90–day stay commencing on October 23, 1991. It is this Order, of which the FDIC seeks reconsideration.

The FDIC argues that this Court's determination that Section 1821(d)(13)(D) does not divest this Court of jurisdiction during the pendency of the administrative claims process is inconsistent with case law, FIRREA and its legislative history. The FDIC further asserts that neither this Court nor the trial court in *Marc Development, Inc. v. Federal Deposit Ins. Corp.*, 771 F.Supp. 1163 (D.Utah 1991) had the benefit of the opinion and reasoning of the Tenth Circuit Court of Appeals in the case of *Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103 (10th Cir.1991). Thus, it is argued, the Tenth Circuit specifically rejected the rationale upon which *Marc Development* relied when it held that Section 1821(d)(5)(F)(ii) of FIRREA provides for the continuation of a lawsuit prior to the claimant's exhaustion of administrative remedies.

The FDIC also claims that *Marc Development* is the only published opinion which does not respect the requirement for a 180–day review period, and that in contrast there exists a plethora of district court cases which have held that a court lacks jurisdiction over a pre-closing litigation pending exhaustion of the administrative claims procedures pursuant to Section 1821(d).

The FDIC continues by arguing that FIRREA's congressionally required claims procedure is the exclusive vehicle for the assertion of a claim against a failed financial receivership litigation. Once a claim is filed, the receiver has 180 days to make a decision on that claim, Section 1821(d)(5)(A), unless expedited relief is requested. If a claim is disallowed or the 180 days expire without decision, whichever is sooner, the claimant is then provided with a sixty-day window within which to file an action or to continue a previously filed action. Section 1821(d)(6)(A). If a claimant fails to seek administrative relief or review, file suit or continue an action within this sixty day window, the claim is disallowed and the claimant has no further rights with respect to such claim. Section 1821(d)(6)(B).

The FDIC also notes that Section 1821(d)(8)(C), which outlines the qualifications for expedited treatment, is the equivalent of Section 1821(d)(6) and expressly recognizes that "any claimant who files a request for expedited relief shall be permitted to file a suit, or to *continue a suit filed before the appointment of the receiver* ..." (emphasis added).

The FDIC explains that Sections 1821(d)(6) and (8) can be reconciled with Sections 1821(d)(12) and (d)(5)(F)(ii). Section 1821(d)(12) does not relate solely to the claims procedure but covers whatever role in which the receiver is placed, *i.e.*, plaintiff, defendant or interpleader. In contrast, Section 1821(d)(6) and (8) and the stay of pre-receivership actions apply only to actions which involve claims against the receiver.

The FDIC also contends that Sections 1821(d)(6) and (d)(8) are not inconsistent with Section 1821(d)(5)(F)(ii), which merely recognizes that the act of filing a claim does not and should not affect the existing action insofar as it relates to a judicial determination. Thus, the act of filing the claim itself will not waive the claimant's right to a judicial adjudication once the claims procedure is exhausted.

The FDIC concludes its argument by noting that the legislative history of Section

1821(d) clearly sets forth Congress' intent that pre-receivership actions be held in abeyance until a decision on the claim has been rendered. Section 1821(d) is designed to enable the FDIC to dispose of the bulk of claims against failed financial institutions expeditiously and fairly. The recent savings and loan crisis prompted Congress to enact broad revisions in federal banking law to enhance certain powers of the FDIC and to eliminate certain impediments to the efficient resolution of failed financial institutions. The FDIC believes this Court's Memorandum Opinion and Order frustrates these goals.

In response to the FDIC's arguments, the Plaintiff contends that the Court was inherently correct in its straightforward analysis of FIRREA and the case law in adopting the *Marc Development* decision and in finding that the stay as made clear by Section 1821(d)(12)(A)(ii) is limited to ninety days. A court cannot ignore or overlook the plain language of a statute when analyzing and interpreting the statute. Section 1821(d)(12)(A)(ii) states that after its appointment, the receiver for a failed institution may request a stay for a period not to exceed ninety days in any judicial action or proceeding to which such institution is or becomes a *party*. The statutory language does not distinguish actions in which the institution is a plaintiff from those in which it is a defendant. Surely Congress could have drawn such a distinction had it intended, as the FDIC suggests, that the 90–day stay apply only in cases where the FDIC is substituted as plaintiff for the failed institution.

Second, the Plaintiff argues that *Mustang Partners* does not overrule the *Marc Development* case. *Mustang Partners* stands for the proposition that a claimant who has commenced a lawsuit prior to the receivership must file a claim with the FDIC before continuing with the pending suit. However, *Mustang Partners* does not address the issue of whether such a lawsuit is stayed for ninety or 180 days following appointment of a receiver, and does not even mention Section 1821(d)(12). Thus, the Court does not view the *Mustang Partners* decision as rejecting or overruling *Marc Development*, as suggested by the FDIC.

The Court stands by its view that upon its appointment as receiver the FDIC is entitled to a 90–day stay of all pending litigation, including this adversary proceeding. It is this Court's understanding that FIRREA was thrown together as a damage control measure for the sinking FDIC ship. Clearly, the statute is not well drafted and leaves questions which have created these numerous conflicts of interpretation. *See generally Tuxedo Beach Club Corp. v. City Federal Savings Bank*, 737 F.Supp. 18 (D.N.J.1990).

One purpose of the FIRREA statute was to keep a FDIC ship from sinking when the ship was already so far under water that the captain was shaking hands with Jacques Cousteau. Congress also passed the Bankruptcy Code, and this Court must assume that Congress knew what it was doing when it put in place both of these statutory schemes and considered each in regard to the other. It was not the intent of Congress to repeal or emasculate the Bankruptcy Code where we are struggling to keep afloat some ships that still have part of their decks above water, and the intent was not to let those ships go in order to try and save a ship that is almost already on the bottom.

■ Another purpose of FIRREA was to streamline the administration process. *See generally Federal Deposit Ins. Corp. v. Marina*, 892 F.2d 1522 (11th Cir.1990). The Court fails to see how the process is streamlined when through a tortured construction of conflicting FIRREA provisions a simple 90–day stay is extended for a period of 180 days, or even longer in light of Sections 1821(d)(5) and (6).[1] Sections

---

**1.** Section 1821(d)(5)(A)(i) provides that the FDIC has 180 days to allow or disallow a claim. Once the 180 day period has run or the claimant receives notice of the disallowance, pursuant to Section 1821(d)(6)(A), the claimant has 60 days to either seek administrative review, or file suit (or continue a pending action) in the district court. Thus, pursuant to these sections, the administrative process can last for 240 days or more.

1821(d)(5) and (6), in dealing with the presentation of claims, are permissive, and a distinction must be made between lawsuits that predate the receivership, where Section 1821(d)(12) clearly applies, and lawsuits commenced after the receivership, where Sections 1821(d)(5) and (6) clearly apply. Thus, the Court finds that where a lawsuit predates the receivership, the receiver is entitled to a 90–day stay.

This Court continues to believe that the rationale of *Marc Development* is sound and distinguishable from *Mustang Partners*. The court is not persuaded to depart from its ruling of November 4, 1991. Accordingly, it is

ORDERED AND ADJUDGED that the Motion for Reconsideration of the Memorandum Opinion and Order Imposing 90–day Stay of Proceeding entered on November 4, 1991, be and hereby is DENIED.

DONE AND ORDERED.