ROBERT BOTSCHAFTER & others[1] vs. FEDERAL DEPOSIT
INSURANCE CORPORATION[2] & others.[3]

No. 90-P-776.

Worcester. April 14, 1992. - November 20, 1992.

Present: PERRETTA, DREBEN, & FINE, JJ.

Further appellate review granted, 414 Mass. 1104 (1993).

*Practice, Civil,* Summary judgment. *Jurisdiction,* Claim against Federal
agency. *Receiver. Bank. Financial Institutions Reform, Recovery and
Enforcement Act.*

Summary judgment was correctly ordered for the defendants on various
claims arising out of alleged conduct by a bank and its officers. [596-
597]
Provisions of 12 U.S.C. § 1821(d)(13)(D) (Supp. II 1990), limiting the
jurisdiction of courts in cases involving a financial institution for which
the Federal Deposit Insurance Corporation (FDIC) has been appointed
receiver, did not deprive this court of subject matter jurisdiction over
the plaintiffs' appeal from a judgment in favor of a defendant bank,
where the judgment had been entered before the appointment of the
FDIC as the bank's receiver. [597-601]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 28, 1988.

The case was heard by *Elizabeth B. Donovan,* J., on a mo-
tion for summary judgment.

*Andrew L. Mandell* for the plaintiffs.
*Allen N. David* for Federal Deposit Insurance
Corporation.
*William R. Grimm* for Charles A. Stone & others.

PERRETTA, J. Attributing their financial difficulties to vari-
ous acts of the defendants, the plaintiffs brought an action

---

[1] His spouse, Gisele, and their three children: Michelle, Robert, and
Stephen.
[2] As receiver for the New England Allbank for Savings.
[3] Charles A. Stone, Robert McKean, and Marilyn Freeman, officers of
the defendant bank.

against them seeking damages for breach of contract, breach of the implied covenant of good faith, breach of fiduciary duty, intentional infliction of emotional distress, and violations of G. L. c. 93A, § 11. A Superior Court judge allowed the defendants' motions for summary judgment, and the plaintiffs appealed. While their appeal was pending, the Federal Deposit Insurance Corporation (FDIC) was appointed the liquidating agent of the defendant New England Allbank for Savings (Allbank). With the FDIC having been substituted for Allbank as a party, see Mass.R.A.P. 30(b), 365 Mass. 878 (1974), the principal issue before us is whether we have subject matter jurisdiction to consider the appeal from the entry of summary judgment in favor of Allbank. We conclude that where a judgment is obtained before the appointment of a receiver, the jurisdictional limits on review set out in 12 U.S.C. § 1821(d)(13)(D) (Supp. II 1990), the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), do not apply. We affirm the judgment as to all the defendants.

1. *The judgment.* As any jurisdictional restrictions on our review of the judgment would pertain only to the FDIC and not to the individual defendants, we consider the merits of the appeal before deciding whether our conclusion is also binding upon the FDIC. There is no need for a detailed discussion of the plaintiffs' claim that there exist genuine issues as to material facts. The Superior Court judge's allowance of the defendants' motions for summary judgment was accompanied by a comprehensive memorandum of decision addressing all the counts of the plaintiffs' complaint. We agree with the reasoning of the Superior Court judge and adopt it as our own.

Because Robert Botschafter's spouse and children had no contractual or other relationship with the defendants, there is no basis for their allegations of breach of contract, breach of fiduciary duty, or a breach of the implied covenant of good faith. Robert's allegations are too conclusory and vague to survive a motion for summary judgment. See *Pederson v. Time, Inc.,* 404 Mass. 14, 17 (1989). His offer of hearsay, general denials, and statements of facts about which he had no personal knowledge was insufficient. See *Madsen v. Erwin,* 395 Mass. 715, 719-726 (1985).

Even when taken as true, those facts upon which the plaintiffs base their claim of an intentional infliction of emotional distress do not rise to the level required for liability. See *Agis* v. *Howard Johnson Co.*, 371 Mass. 140, 145 (1976); *Richey* v. *American Auto. Assn.*, 380 Mass. 835, 838 (1980); *Foley* v. *Polaroid Corp.*, 400 Mass. 82, 99 (1987), quoting from Restatement (Second) of Torts § 46, comment d (1965). The defendants' challenge to the count in slander was successful because of Robert's lack of personal knowledge of facts sufficient to support the allegation. Those statements about which he did have knowledge were absolutely privileged. See *Aborn* v. *Lipson*, 357 Mass. 71, 72-73 (1970).

We see no error in the Superior Court judge's conclusion that the defendants' acts, as matter of law, were neither unfair nor deceptive. See *Mechanics Natl. Bank* v. *Kileen*, 377 Mass. 100, 108-110 (1979); *Penney* v. *First Natl. Bank of Boston*, 385 Mass. 715, 719-723 (1982). As for Robert's spouse and their children, it is enough to state that they were not engaged in trade or commerce.

There is no need to discuss Robert's argument that all the claims of his spouse and children have an independent basis, loss of consortium. Because the defendants have demonstrated that the plaintiffs have no reasonable expectation of proving the essential elements of their causes of action, they are entitled to summary judgment on the complaint. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

2. *Subject matter jurisdiction.* It is the position of the FDIC that because the plaintiffs failed to seek an administrative determination of their claim purusant to 12 U.S.C. § 1821(d)(3) (Supp. II 1990), this court lacks subject matter jurisdiction by reason of § 1821(d)(13)(D). That section reads in full: "Except as otherwise provided in this subsection, no court shall have jurisdiction over — (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the Corporation as receiver." There is no dispute that a claim filed against a receiver *after* its appointment is subject to the administrative

process set out in § 1821(d). The question before us is whether those mandates and § 1821(d)(13)(D) apply to an action brought *before* the appointment of the receiver.

In *Tuxedo Beach Club Corp.* v. *City Fed. Sav. Bank*, 737 F. Supp. 18, 19-20 (D.N.J. 1990), the judge concluded that the plaintiffs, who had filed their claim within days of the defendant's appointment as receiver, were subject to the administrative procedures set out in the statute. Based upon the legislative history of FIRREA, he concluded that "Congress has determined that these administrative procedures are the most efficient way to resolve the hundreds of claims with which a receiver might be confronted." *Id.* at 20. However, the judge found the fact that the "receiver was appointed only a few days before the action was instituted" sufficiently significant to note that "[a]n action which is further along in the judicial process would involve different considerations." *Ibid.*, n.1. See also *Bank of New England, N.A.* v. *Callahan*, 758 F. Supp. 61, 64 (D.N.H. 1991).

Such a situation was presented in *Marc Dev., Inc.*, v. *Federal Dep. Ins. Corp.*, 771 F. Supp. 1163 (D. Utah 1991), where the plaintiffs brought an action in State court almost one month before the defendant's appointment as receiver. The defendant removed the action to Federal court and requested a stay on the basis of § 1821(d)(13)(D), lack of subject matter jurisdiction, until the administrative process had been completed. There the judge concluded that § 1821(d)(13)(D) does not apply to every lawsuit in which the FDIC is a party. Rather, he construed that provision with § 1821(d)(5)(E) and § 1821(d)(6)(A).

Section 1821(d)(5)(E) (Supp. II 1990) provides that "[n]o court may review the Corporation's determination pursuant to subparagraph (D) to disallow a claim." Instead, a claimant dissatisfied with the determination is entitled to a de novo trial on the claim under §1821(d)(6)(A).[4] As construed by the judge in *Marc*, 771 F. Supp. at 1167, a court's juris-

---

[4]Section 1821(d)(6)(A) provides that before the expiration of the time period therein described, the "claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for

diction over the lawsuit based upon the claim is limited by § 1821(d)(13)(D) to the extent that the administrative process must first be completed.

It is § 1821(d)(5)(F)(ii) which led the judge in *Marc* to conclude that lawsuits filed before the appointment of the FDIC as receiver are subject to different rules. That subparagraph provides: "Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver."[5] Having set out the various paragraphs of § 1821(d) deemed pertinent by the judge in *Marc*, we now quote at length his reasoning, 771 F.Supp. at 1168-1169, which was accepted and followed in *Marquis* v. *Federal Deposit Ins. Corp.*, 779 F. Supp. 6 (D.N.H. 1991):

> "[P]aragraph (d)(5)(F)(ii) contemplates that lawsuits predating the receivership are intended to continue without prejudice except for the optional 90 day stay provided by paragraph (d)(12). This interpretation, reading subsection (d) to permit preexisting lawsuits to proceed without prejudice, gives effect to the stay paragraph and accomplishes the paragraph's purpose as explained by Congress. . . . Congress intended the 90 day stay to give the FDIC a delay to acquaint itself with a lawsuit to which it abruptly becomes a party upon appointment as receiver. The stay grants FDIC an opportunity to familiarize itself with the suit and decide on a course of action without materially inconveniencing the other parties.
>
> "This interpretation of the scope of the jurisdiction limit also permits that limitation to be consistent with

the District of Columbia (and such court shall have jurisdiction to hear such claim)."

[5]Section 1821(d)(12) allows for a ninety-day stay period of any judicial action or proceeding in which the receiver is or becomes a party and requests the stay. When the FDIC was appointed receiver for Allbank, a single justice of the Supreme Judicial Court granted its request for a ninety-day stay of "[a]ll actions pending in the courts of the Commonwealth to which New England Allbank for Savings is a part . . . except for removal petitions and actions brought by New England Allbank for Savings to foreclose mortgages on real estate and to recover possession of real estate through eviction proceedings."

the language of paragraph (d)(6)(A). Paragraph (d)(6)(A) states, after FDIC's claims screening process is complete, a claimant has the option to 'continue' a lawsuit filed prior to appointment of the receiver. . . . The term 'continue' implies that a party is proceeding forward in an ongoing case without an interruption in the court's jurisdiction. A claimant could not 'continue' an action over which the court had been deprived of subject matter jurisdiction. The claimant would have to 'refile' such a lawsuit because the suit would have been dismissed due to lack of subject matter jurisdiction.

"The court's interpretation of the scope of the jurisdiction limit also serves the policy of conserving judicial resources. To read the jurisdiction limit as not drawing a distinction between suits filed before and after the receivership would lead to the waste of considerable legal efforts. Conceivably, an action that had been pursued for years and had been submitted for decision to a jury or judge would have to cease immediately upon appointment of the receiver because the court would be without subject matter jurisdiction. The case would then wait the completion of an approximately 330 day administrative process. In return for this lengthy delay, the judicial system would receive only an administrative decision from FDIC that does not bind the claimant. In effect, the statute would reach backward to deprive a court of established subject matter jurisdiction to permit the issuance of an advisory opinion by one of the parties. Surely if Congress intended this result, it would have clearly stated so in the statute or the legislative reports. The court is aware of no such expressions."

Pursuant to its request and the order of the single justice, see note 5, *supra*, the FDIC was granted a ninety-day stay period. The judgment of the Superior Court, which we have determined to be correct, is in the FDIC's favor. These facts demonstrate to us the soundness of the reasoning set out in *Marc, supra,* and followed in *Marquis, supra.* Further, it is consistent with the general rule that a court is not divested of jurisdiction by subsequent events. See *O'Dea* v. *J.A.L., Inc.,* 30 Mass. App. Ct. 449, 453-454 (1991). Based upon that

same reasoning and the general rule, we conclude that we have subject matter jurisdiction over the plaintiffs' appeal from the judgment for the receiver.

*Judgment affirmed.*