ROBERT BOTSCHAFTER & others[1] *vs.* FEDERAL DEPOSIT INSURANCE CORPORATION[2] & others.[3] October 28, 1993. *Supreme Judicial Court*, Further appellate review. *Financial Institutions Reform, Recovery, and Enforcement Act. Jurisdiction*, Claim against Federal agency. *Receiver.*

In *Botschafter* v. *Federal Deposit Ins. Corp.*, 33 Mass. App. Ct. 595 (1992), the Appeals Court affirmed a judgment in favor of all the defendants. The plaintiffs did not seek further appellate review. The Federal Deposit Insurance Corporation (FDIC) has successfully obtained further appellate review (414 Mass. 1104 [1993]) of the Appeals Court's determination that it had jurisdiction of the subject matter of the appeal of the judgment in favor of the FDIC, even though the FDIC had been appointed receiver while the appeal was pending. See *Botschafter* v. *Federal Deposit Ins. Corp., supra* at 597-601. The judgment in favor of the individual defendants is not challenged by any application for further appellate review nor in any brief filed in this court by the plaintiffs. A jurisdictional question brought here on the request of a party successful in the Appeals Court does not warrant our consideration of issues decided in favor of other successful parties. We affirm the judgment as to the individual defendants. See *Bradford* v. *Baystate Medical Ctr.*, 415 Mass. 202, 204-205 (1993). We consider only the jurisdictional question raised by the FDIC.

---

[1]His wife Gisele and their three children.

[2]As receiver for The New England Allbank for Savings.

[3]Charles A. Stone, Robert McKean, and Marilyn Freeman, officers of the bank.

In *McLaughlin* v. *Federal Deposit Ins. Corp.*, 415 Mass. 235 (1993), we held that the court lacked subject matter jurisdiction of an appeal because the FDIC had been appointed receiver of a bank during the appellate process and the plaintiff had failed to participate seasonably in the administrative procedures set out in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (12 U.S.C. § 1821 [d] [3] [Supp. II 1990]). We dismissed the appeal. The situation now before us is covered by our holding in the *McLaughlin* case, which relied on the conclusion reached in *Marquis* v. *Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1151-1152 (1st Cir. 1992). See *Bueford* v. *Resolution Trust Corp.*, 991 F.2d 481, 484 (8th Cir. 1993); *Henderson* v. *Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993). But see *Marc Dev., Inc.* v. *Federal Deposit Ins. Corp.*, 992 F.2d 1503, 1507 (10th Cir. 1993) (two-to-one opinion). The Appeals Court lacked jurisdiction to consider the plaintiffs' appeal to the extent that the judgment concerned the FDIC.

The judgment of the Superior Court is affirmed as to the individual defendants. The plaintiffs' appeal from the judgment of the Superior Court in favor of the Federal Deposit Insurance Corporation is dismissed for lack of jurisdiction.

*So ordered.*

The case was submitted on briefs.

*Andrew L. Mandell & Audrey S. Gordon* for the plaintiffs.

*Ann S. DuRoss*, Assistant General Counsel, *Richard J. Osterman, Jr., & E. Whitney Drake*, of the District of Columbia, for Federal Deposit Insurance Corporation.

