931 F.2d 7
 CIRCLE INDUSTRIES, DIVISION OF NASTASI-WHITE, INC.,
Plaintiff-Appellant,
v.
CITY FEDERAL SAVINGS BANK, Crestmont Savings and Loan
Association, Elysian Federal Bank, Colonial Savings Bank,
National Westminster Bank NJ, First Jersey Savings and Loan
Association, Statewide Savings Bank, Alexander Hamilton
Savings and Loan Association, Interboro Savings and Loan
Association, Nutley Savings and Loan Association, Lakeview
Savings and Loan Association, Pulawski Savings and Loan
Association, West Essex Savings Bank, Columbia Savings and
Loan Association, and First Nationwide Federal Savings Bank,
Defendants-Appellees.
 No. 1336, Docket 90-9029.
 United States Court of Appeals,
Second Circuit.
 Submitted March 28, 1991.
Decided April 25, 1991.
 
 Appeal from a judgment of the United States District Court for the Eastern District of New York, Arthur D. Spatt, Judge.
 
 
 1
 Shaw, Licitra, Esernio & Schwartz, Garden City, N.Y. (Edward P. Frey, Joel L. Carr, Garden City, N.Y., of counsel), for plaintiff-appellant Circle Industries.
 
 
 2
 Sills Cummis Zuckerman Radin Tischman Epstein & Gross, New York City, for Resolution Trust Corp. as Receiver of defendant-appellee City Federal Sav. Bank.
 
 
 3
 Cassidy, Foss & San Filippo, Red Bank, N.J., for Resolution Trust Company as Receiver of defendants-appellees Colonial Sav. Bank, Elysian Federal Bank, First Jersey Savings and Loan Association, and Alexander Hamilton Savings and Loan Association (Theodore L. Abeles, New York City, Paul G. Kostro, Red Bank, N.J., Richard T. Aboussie, Asst. Gen. Counsel, Thomas L. Hindes, Sr. Counsel, Michael P. Condon, Counsel, Resolution Trust Corp., Washington, D.C., Ann S. DuRoss, Asst. Gen. Counsel, Colleen Bombardier, Sr. Counsel, Christopher J. Bellotto, Counsel, Federal Deposit Ins. Corp., Washington, D.C., of counsel).
 
 
 4
 Clapp & Eisenberg, Newark, N.J. (Jeffrey W. Lorell, Newark, N.J., of counsel), filed a letter on behalf of defendants-appellees First Jersey Sav. and Loan Ass'n, Statewide Sav. Bank, Alexander Hamilton Sav. and Loan Ass'n, Nutley Sav. and Loan Ass'n, Lakeview Sav. and Loan Ass'n, Pulawski Sav. and Loan Ass'n, West Essex Sav. Bank and First Nationwide Federal Sav. Bank, joining parts of brief of Resolution Trust Corp.
 
 
 5
 Schumann, Hanlon, O'Connor & McCrossin, Jersey City, N.J. (William D. Joachim, Jersey City, N.J., of counsel), filed a letter on behalf of defendant-appellee Columbia Sav. and Loan Ass'n, joining brief of Resolution Trust Corp.
 
 
 6
 Before OAKES, Chief Judge, and KEARSE and McLAUGHLIN, Circuit Judges.
 
 PER CURIAM:
 
 7
 Plaintiff Circle Industries ("Circle") appeals from a final judgment of the United States District Court for the Eastern District of New York, Arthur D. Spatt, Judge, dismissing its complaint seeking damages from defendant finanial institutions in connection with the financing of a real estate development project for which defendant City Federal Savings Bank ("City Federal") was lead lender. Noting that the Resolution Trust Corporation ("RTC"), a federal agency, had been appointed receiver for City Federal and for defendants Colonial Savings Bank ("Colonial") and Elysian Federal Bank ("Elysian"), the court dismissed the complaint against City Federal, Colonial, and Elysian for lack of subject matter jurisdiction because Circle had failed to exhaust the administrative claim determination procedures mandated by Sec. 212 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), P.L. 101-73, 103 Stat. 183, see 12 U.S.C.A. Sec. 1821(d)(3) et seq. (West 1989); the court dismissed the complaint against the remaining defendants on the ground that City Federal was an indispensable party. On appeal, Circle contends principally that FIRREA does not require administrative exhaustion of Circle's claims against the institutions for which RTC is receiver. We reject all of its contentions and affirm substantially for the reasons stated by Judge Spatt in his opinion dated October 16, 1990, published at 749 F.Supp. 447.
 
 
 8
 The judgment dismissing the complaint is affirmed.