**MARKETPLACE/KEN CARYL PARTNERS, LTD.,**
Plaintiff,

v.

**VICTORIO INVESTMENT COMPANY, LTD., and the Resolution Trust Corporation, as Conservator for Gem City Federal Savings & Loan Association,**
Defendants.

Civ. A. No. 91–B–14.

United States District Court,
D. Colorado.

Nov. 20, 1991.

As Amended Dec. 19, 1991.

James A. Halpin, Chesteen & Halpin, Littleton, Colo., for plaintiff.

Charles R. Ledbetter, Cooper & Kelley, P.C., Denver, Colo., for Victorio Inv. Co., Ltd.

**30**

Ann S. Irwin, Hecox, Tolley, Keene & Beltz, P.C., Colorado Springs, Colo., for Resolution Trust Corp.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant the Resolution Trust Corporation (RTC), as Receiver for Gem City Federal Savings & Loan Association, moves to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment. Because plaintiff Marketplace/Ken Caryl Partners, Ltd. (Marketplace) has failed to exhaust the required administrative remedies, I grant the motion to dismiss for lack of subject matter jurisdiction.

■ "The United States, as sovereign, 'is immune for suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941)). 12 U.S.C. § 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Section 1821(d) provides for "district court jurisdiction only after the filing of a claim with, and initial processing of the claim by, the RTC under section 1821(d)(5) and (6)(A)." *Rosa v. RTC*, 938 F.2d 383, 391–92 (3d Cir.1991). Where the administrative claims procedures are not exhausted for a claim covered by section 1821(d)(13)(D), the district court lacks subject matter jurisdiction. *See, e.g., id.; Circle Indus., Div. of Nastasi White, Inc. v. City Fed. Sav. Bank*, 931 F.2d 7 (2d Cir. 1991).

It is uncontested that Marketplace's claims fall within the confines of section 1821(d)(13)(D). It is also undisputed that Marketplace has not exhausted the administrative claims procedures. Accordingly, I lack subject matter jurisdiction and the motion to dismiss must be granted.

■ Marketplace argues, however, that the RTC is estopped from asserting lack of subject matter jurisdiction because it did not comply with the notice provisions of section 1821(d)(3). Section 1821(d)(3)(B)(i) requires the RTC to "promptly publish a notice to the depository institution's creditors to present their claims ... to the receiver." Section 1821(d)(3)(C) provides that "a receiver shall mail a notice similar to the notice published under subparagraph (B)(i) ... upon discovery of the name and address of a claimant not appearing on the institution's books within thirty days after the discovery of such name and address." Marketplace argues that the RTC knew of Marketplace's claims, name, and address when the complaint was served in December, 1990, and was then required to "promptly publish a notice" or to mail a notice within thirty days. Because the RTC has allegedly done neither, Marketplace argues that the RTC is estopped from asserting Marketplace's lack of compliance with the statutorily mandated administrative claims procedures.

I need not decide whether estoppel can be used to avoid the administrative claims procedures mandated by section 1821(d), *compare Garrett v. United States*, 640 F.2d 24, 26 (6th Cir.1981) (per curiam), because the behavior complained of does not rise to the level of affirmative misconduct necessary to establish estoppel against the government. *See Heckler v. Community Health Servs. Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984) (estoppel inappropriate because party "expected to know the law and may not rely on the conduct of Government agents contrary

to law"); *INS v. Miranda,* 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (per curiam) (delay in processing a permanent residency petition insufficient to establish estoppel against government); *Penny v. Giuffrida,* 897 F.2d 1543, 1547–48 (10th Cir.1990) (estoppel against government, if available at all, requires affirmative misconduct).

Accordingly, it is ORDERED that the RTC's motion to dismiss for lack of subject matter jurisdiction is GRANTED and Marketplace's claims against the RTC are DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that the caption shall be amended accordingly.