FEDERAL DEPOSIT INSURANCE
CORPORATION as receiver of
Goldome

v.

WILSON'S FAMOUS BLUE RIBBON
MEATS, INC.; Howard Blackman; and
Wilson's Blue Ribbon Beverages.

Civ. A. No. 93–1899.

United States District Court,
E.D. Pennsylvania.

Oct. 8, 1993.

Miles H. Shore, Saul, Ewing, Remick &
Saul, Philadelphia, PA, for plaintiffs.

Michael S. Silberman Philadelphia, PA, for
defendants.

*MEMORANDUM*

GILES, District Judge.

The Federal Deposit Insurance Corporation ("FDIC") brings suit against Wilson's Famous Blue Ribbon Meats, Inc., Wilson's Blue Ribbon Beverages, Inc. and Howard Blackman (collectively "the Wilsons") for rental payments due under a lease it assumed as receiver of Goldome. The Wilsons assert as an affirmative defense the right to "set-off" and bring corresponding compulsory counterclaims. FDIC now seeks to dismiss the Wilsons' counterclaims for lack of federal subject matter jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

In 1983, the Wilsons began leasing space in the Aramingo Village Shopping Center ("the Shopping Center") from Frederick Kozlowski. The leases provided the Wilsons with the use of the parking and other common areas of the Shopping Center. Furthermore, the Wilsons claim that the leases provided that the landlord was responsible to clean, repair and maintain the parking and other common areas.

The Wilsons allege that from January 1990 to April 1990, Kozlowski failed to fulfill his obligation to maintain the parking and common areas. Consequently, from May 1, 1990 to May 31, 1991, the Wilsons claim to have maintained and repaired the parking and common areas for the entire Shopping Center at their own expense.[1] Further, in February 1991, a fire damaged part of the Shopping Center space leased by the Wilsons. The Wilsons claim that pursuant to the lease the landlord is responsible for repairing the fire damage.[2]

In March 1991, Goldome took possession of the Shopping Center as a mortgagee-in-possession. Two months later, FDIC took possession of the Shopping Center as the receiver of Goldome. FDIC then brought suit against the Wilsons seeking rental payments due from January 1990 to May 1991. The Wilsons answered FDIC's complaint, asserted as an affirmative defense the right to set-off, and instituted a counterclaim for the cost they incurred to clean, repair and maintain the parking and common areas during the period from May 1990 to May 1991.

## DISCUSSION

■ The FDIC has moved to dismiss the Wilsons' counterclaims for lack of subject matter jurisdiction. Because the Wilsons have not exhausted certain mandatory administrative remedies against FDIC, the court agrees that the counterclaims must be dismissed for lack of subject matter jurisdiction. However, judicial economy requires

that this case be placed on the court's suspense docket until the administrative remedies available to the Wilsons have been exhausted.

■ The court lacks subject matter jurisdiction over the Wilsons' counterclaims because the Wilsons have not complied with administrative procedures mandated by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. §§ 1821(d)(3)–(13). FIRREA limits the remedies available to parties in dispute with FDIC or RTC receiverships. Specifically, 12 U.S.C. § 1821(d) establishes a mandatory administrative review process ("ACRP") for all claims to the assets of failed financial institutions controlled by FDIC receiverships. ACRP is "exclusive" and must be exhausted before federal court jurisdiction may be invoked. *Federal Deposit Ins. Corp. v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir.1991); *see also* 12 U.S.C. § 1821(d)(6)(A) (providing for judicial review of claims disallowed by the ACRP). "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in § 1821." *Shain*, 944 F.2d at 132. *See also* 12 U.S.C. § 1821(d)(13)(D) ("Except as otherwise provided in this subsection, no court shall have jurisdiction over [any claim against the FDIC to the assets of a failed depository institution].").

Sections 1821(d)(3)–(13) set forth the administrative review procedure for claims against an FDIC or RTC receivership. This procedure requires the claimant to submit his claim to the FDIC receiver for initial review. 12 U.S.C. § 1821(d)(5)(A) then grants the receiver 180 days to respond to the claim. If the receiver disallows the claim or does not respond to the claim within 180 days, the claimant may, within sixty days, request further administrative review or judicial review. 12 U.S.C. § 1821(d)(6)(A).

■ Although the court must dismiss the Wilson's counterclaims, the court is persuaded that judicial economy requires that this

---

1. The Wilsons allegedly spent $63,875.00 cleaning and maintaining the parking and common areas and $12,500.00 repairing the parking area.

2. The Wilsons estimate that repair costs will exceed $45,000.00.

case be placed on the suspense docket until the ACRP procedure set forth in 12 U.S.C. § 1821(d) is resolved. If the Wilsons are displeased with the remedy afforded them at the administrative level, judicial economy will be served by hearing the FDIC's claim and the Wilsons' compulsory counterclaims at the same time. *See Marquis v. Federal Deposit Iins. Corp.,* 965 F.2d 1148, 1154 (1st Cir. 1992); *Aliberti, Larochelle & Hodson Engineering Corp. v. First Meridian Group,* 795 F.Supp. 42, 46 (D.Me.1992).

An appropriate order follows.

### ORDER

AND NOW, this 8th day of October, 1993, upon consideration of plaintiff's motion to dismiss counterclaims and defendants' response thereto, it is hereby ORDERED that:

1. Defendants' counterclaims are dismissed without prejudice for lack of subject matter jurisdiction.

2. The above-captioned matter is placed in suspense until conclusion, with respect to the counterclaims, of the administrative claim review procedure under 12 U.S.C. § 1821(d).

3. The parties shall report as to status on or before May 2, 1994.