[No. B066466. Second Dist., Div. Seven. Mar. 14, 1994.]

2974 PROPERTIES, INC., et al., Plaintiffs and Respondents, v. RESOLUTION TRUST CORPORATION, as Receiver, etc., Defendant and Appellant.

## COUNSEL

Burns & Goldstone and Donald E. Burns for Defendant and Appellant.

Norris & Norris and David S. Smith as Amici Curiae on behalf of Defendant and Appellant.

Ezer, Sment & Williamson and Mitchel J. Ezer for Plaintiffs and Respondents.

## OPINION

### WOODS (Fred), J.—

## I.

### INTRODUCTION

This is an appeal by the Resolution Trust Corporation (RTC), as receiver of Far West Federal Bank of Portland, Oregon (Far West), from an order granting summary judgment to plaintiffs entered by the Honorable Charles C. Lee of the Los Angeles County Superior Court. In an unpublished memorandum opinion filed on August 24, 1993, this court reversed the judgment, ordering the trial court to enter an order of dismissal against respondents for lack of subject matter jurisdiction. After this court denied a petition for rehearing, respondents filed a petition for review in the California Supreme Court. The Supreme Court by order filed on December 2, 1993,

granted review and transferred the case to this court with directions to vacate our decision and to prepare and refile an opinion that meets the requirements of article VI, section 14 of the California Constitution. Accordingly, we vacated our memorandum opinion, granted leave for the parties to file supplemental briefs and set the matter for oral argument on March 3, 1994.

## II.

### CONTENTIONS

The appeal is based on two principal contentions:

1. No court has jurisdiction to consider the claims of respondents (plaintiffs) while the mandatory administrative claims process of the RTC has yet to be concluded.

2. One principal cannot be held liable by another principal for the torts of their joint agent.

## III.

### FACTUAL AND PROCEDURAL BACKGROUND

The action from which this appeal is taken was instituted by plaintiffs 2974 Properties, Inc., Edward L. Mosqueda and Rosalinda C. Mosqueda against Far West. Far West had made a mortgage loan to plaintiffs, who subsequently defaulted on the loan, and Far West brought foreclosure proceedings. Plaintiffs were the successful bidders at the foreclosure sale, bidding $126,900, well in excess of the unpaid indebtedness to Far West, which had been $85,316 at the time of the sale. Plaintiffs paid the proceeds of the foreclosure sale to Trust Services, Inc. (TSI), an independent contractor which had served as the foreclosure trustee. TSI neither paid Far West the $85,316 owing to it, nor the net proceeds to plaintiffs. TSI and its owners subsequently filed petitions under chapter 7 of the Bankruptcy Code.

On December 21, 1990, plaintiffs brought an action against TSI and Far West for money had and received. Far West answered the complaint by denying liability, and cross-complained against TSI for conversion, indemnity, money had and received and for declaratory relief. On June 7, 1991, the federal Office of Thrift Supervision declared Far West insolvent, and on that same day, RTC was appointed receiver of Far West.

Plaintiffs subsequently moved for summary judgment against Far West, arguing that there were no triable issues of fact in the case. RTC, as receiver

of Far West, opposed the granting of summary judgment, arguing that, as TSI was the joint agent of both Far West and plaintiffs, California law is clear that one principal cannot hold another liable for the acts of joint agents. RTC also contended that the entire action should have been dismissed because the plaintiffs had failed to file an administrative claim with the RTC, and that, pursuant to 12 United States Code, sections[1] 1441a(b)(4), 1821(d)(4), and 1821(d)(13), no court had jurisdiction to adjudicate plaintiffs' claim at that time.

On February 27, 1992, the court entered an order granting summary judgment against RTC in the amounts of $2,960.30, $465.32 and $39,260.57, plus interest.

## IV.

### DISCUSSION

*Plaintiffs Failed to Exhaust Their Administrative Remedies, and Therefore the Court Below Did Not Have Jurisdiction to Decide Plaintiffs' Motion.*

1. *The Financial Institutions Reform, Recovery And Enforcement Act.*

Congress created the RTC in 1989 in the Financial Institutions Reform, Recovery and Enforcement Act, Public Law No. 101-73, 103 Statutes at Large 183 et seq. (FIRREA), as part of a comprehensive legislative response to the crisis that existed at that time in the savings and loan industry. (See § 1441a(b)(1).) One of the major functions of the RTC is to serve as receiver for a failed savings institution, with the power to liquidate its assets and pay the claims of depositors and creditors.[2]

To provide a mechanism for resolving the claims of creditors of a failed financial institution as promptly and efficiently as possible, Congress enacted a mandatory administrative claims procedure, which is set forth in

---

[1]Unless otherwise noted, all statutory references are to 12 United States Code.

[2]The legislative history states that the statutory powers granted in FIRREA were "designed to give the FDIC [and RTC] power to take all actions necessary to resolve the problems posed by a financial institution in default." (H.R.Rep. No. 54(I), 101st Cong., 1st Sess. (1989), reprinted in 1989 U.S. Code Cong. & Admin. News, at p. 126.) Among these powers are "the power . . . as receiver . . . to transfer assets or liabilities of the financial institution . . . to determine claims; and to exercise all powers and authorities granted by the Act or incidental thereto." (*Id.*, at pp. 126-127; see *Coit Independence Joint Venture* v. *FSLIC* (1989) 489 U.S. 561 [103 L.Ed.2d 602, 109 S.Ct. 1361] [describing the traditional powers of the receiver to settle, compromise or release claims in favor of or against the insured institution and to pay all valid credit obligations of the association].)

section 1821(d)(3)-(d)(13).[3] The statute requires claimants to submit their claims first to the RTC, in its capacity as receiver for the failed institution, and, if the receiver disallows the claim, in whole or in part, the statute provides for de novo judicial review of the receiver's decision in the federal courts.

■ The requirement to file an administrative claim applies in the case of pending litigation as well,[4] and the filing of the claim either requires the dismissal or staying of the litigation until the administrative process is exhausted. No court, state or federal, has jurisdiction to adjudicate any claim against the RTC as conservator or receiver until after the RTC has reviewed the claim.[5] Thereafter, and only thereafter, if the RTC has denied the claim, in whole or in part, does any court have jurisdiction to adjudicate the claim. In the interim, any pending lawsuit cannot go forward and must be dismissed as to RTC or at least stayed.

■ In this case, plaintiffs, despite having received notice of the requirement to file such a claim, have not yet filed any administrative claim with the receiver. Because Congress, in section 1821(d)(13)(D), withdrew jurisdiction from all courts to hear claims against the RTC as receiver until after the claimant has exhausted the mandatory administrative claims process, and further, because Congress, in section 1821(d)(6)(A), restricted jurisdiction over suits in which claims have been denied to the United States District Court with jurisdiction over the principal place of business of the failed depository institution[6] or to the United States District Court for the District of Columbia, plaintiffs may not pursue their claims in either the superior court or this court, and those claims must be dismissed as to RTC.

2. *Congress Has Enacted a Comprehensive and Mandatory Scheme to Centralize the Resolution of Claims Against a Failed Financial Institution.*

In FIRREA, Congress enacted a comprehensive and mandatory statutory scheme to enable the RTC, when acting as receiver for a failed financial

---

[3]Section 1821, which sets forth the basic powers and functions of the Federal Deposit Insurance Corporation (FDIC) as receiver and establishes the claims process, is made applicable to the RTC by section 1441a(b)(4)(A).

[4]See, e.g., *Resolution Trust Corp.* v. *Mustang Partners* (10th Cir. 1991) 946 F.2d 103, *Circle Industries* v. *City Federal Sav. Bank* (E.D.N.Y. 1990) 749 F.Supp. 447, affd. 931 F.2d 7 (2d Cir. 1991).

[5]Section 1821(d)(13)(D).

[6]In this case, the United States District Court for the District of Oregon would be the appropriate forum.

institution, to carry out its fundamental functions of conserving and preserving the assets of the failed institution, and ultimately making pro rata distributions of those assets to the creditors of the institution.[7] In general, under sections 1821(c)(2)(A)(ii) and 1821(d)(2)(E), the receiver is responsible for the liquidation of the failed institution's assets.[8] The receiver must also prioritize the claims of depositors and creditors and make pro rata distributions of the proceeds of the liquidation, subject to the maximum liability provisions set forth in section 1821(i).

Further, to implement the substantive statutory provisions governing the validity, priority and amounts of creditor claims, Congress created a mandatory statutory procedure for the orderly and efficient processing of those claims. The administrative claims process, set forth in section 1821(d)(3)-(d)(13), provides a centralized mechanism for consideration and resolution of the bulk of claims against insolvent thrifts without the delay and expense of litigation, by requiring that all claims be submitted to the receiver within a finite time period, and by allowing the receiver the initial opportunity to review and resolve the claims.[9]

■ The centralized claims procedure must be followed as a condition precedent to the maintenance and/or further pursuit of an existing judicial action by any failed depository institution's creditors and contingent creditors, and it is mandatory, irrespective of whether those claims arose or action thereon was commenced either prior to or after the institution of the receivership. "[T]he overriding purpose for establishing these administrative procedures is to 'enable[] [the RTC] to dispose of the bulk of claims against failed financial institutions expeditiously and fairly.' [Citation.] Congress has determined that those administrative procedures are the most efficient way to resolve the hundreds of claims with which a receiver might be confronted." (*Tuxedo Beach Club Corp.* v. *City Federal Sav. Bank* (D.N.J. 1990) 737 F.Supp. 18, 20.)

---

[7]See e.g., *Resolution Trust Corp.* v. *Elman* (S.D.N.Y. 1991) 761 F.Supp. 245, 249, affd. 949 F.2d 624 (2d Cir. 1991) ("Congress has established a comprehensive scheme for dealing with the adjudication of the claims of creditors of insolvent financial institutions."); *Circle Industries* v. *City Federal Sav. Bank, supra,* 749 F.Supp. 447, 451 ("FIRREA provides a detailed regulatory framework . . . .").

[8]House of Representatives Report No. 54(I), 101st Congress, 1st Session (1989), reprinted in 1989 United States Code Congressional and Administrative News, at page 212 ("The FDIC as receiver has the authority to liquidate the assets and pay the obligations of the institution . . . .").

[9]See House of Representatives Report No. 54(I), 101st Congress, 1st Session (1989) reprinted in 1989 United States Code Congressional and Administrative News, at page 215 (purpose of claims procedure is "to dispose of the bulk of claims against failed financial institutions expeditiously and fairly").

3. *Because Plaintiffs Failed to Exhaust Their Administrative Remedies, the Courts Lack Jurisdiction to Consider Their Claims.*

 Since plaintiffs have not filed a proof of claim with the receiver as of the date hereof, this court lacks jurisdiction to consider plaintiffs' claims; this is because section 1821(d)(13)(D) denies jurisdiction to any court, state or federal, to consider claims *except* in accordance with section 1821(d), and because section 1821(d) grants jurisdiction to certain courts only, and then in only two cases:

a. Judicial review of the receiver's determination of the claimant's appeal if it seeks administrative review (§ 1821(d)(7)(A)); and

b. Over suits filed or continued by a claimant following the receiver's denial of a claim, or the expiration of 180 days after the filing of a claim. (§ 1821(d)(6)(A).)

By enacting section 1821(d)(13)(D), Congress *withdrew jurisdiction from all courts* to hear claims against the RTC as receiver, except as otherwise provided elsewhere in section 1821(d). That section provides, insofar as is here relevant:

"(D) Limitation on judicial review. Except as otherwise provided in this subsection, *no court* shall have jurisdiction over—

"(i) *any claim or action for payment from,* or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation [RTC] has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

"(ii) any claim relating to any act or omission of such institution or the Corporation as receiver." (Italics added.) (§ 1821(d)(13)(D).)

The exhaustion of administrative remedies is mandatory when, as here, Congress imposes an exhaustion requirement by statute. (*Weinberger* v. *Salfi* (1975) 422 U.S. 749, 766 [45 L.Ed.2d 522, 539, 95 S.Ct. 2457]; *Myers* v. *Bethlehem Corp.* (1938) 303 U.S. 41, 50-51 [82 L.Ed. 638, 643-645, 58 S.Ct. 459].)

Further, the relevant case law interpreting section 1821(d) confirms that completion of the claims process is a mandatory prerequisite to judicial

review. (See *Meliezer v. Resolution Trust Co.* (5th Cir. 1992) 952 F.2d 879, 882; *Resolution Trust Corp. v. Elman* (2d Cir. 1992) 949 F.2d 624,; *FDIC v. Shain, Schaffer & Rafanello* (3d Cir. 1991) 944 F.2d 129, 136; *Resolution Trust Corp. v. Mustang Partners, supra,* 946 F.2d 103, 106 (per curiam).)

As the Third Circuit found in *Shain, Schaffer,* "Congress *expressly withdrew jurisdiction* to resolve claims to a failed bank's assets *from all courts,* except as provided in 12 U.S.C., § 1821(d). *See* 12 U.S.C., § 1821, subd. (d)(13)(D). Thus, we have no jurisdiction to determine the status of [the defendant's] claim. Second, we noted recently that the administrative procedure exhaustion requirement of FIRREA is statutory, not judicial. [Citation.] We are therefore not at liberty to ignore the statutory command." (Italics added.) (*FDIC v. Shain, Schaffer & Rafanello, supra,* 944 F.2d, at p. 136.) Finally, relevant case law confirms that exhaustion of the administrative claims process is required under section 1821(d).[10] Thus, unless a claimant

---

[10]Accord, *Resolution Trust Corp. v. Elman, supra,* 949 F.2d at page 627 ("[T]he statute means just what it says . . . that a claimant must first present its case to the RTC under the administrative procedure erected by FIRREA before seeking relief in the federal courts."); *Adoue v. Federal Deposit Ins. Corp.* (N.D.Tex. 1991) 779 F.Supp. 852, 853 (failure to satisfy administrative claims process "divests courts of jurisdiction to consider the claims"); *Decrosta v. Red Carpet Inns Intern., Inc.* (E.D.Pa. 1991) 767 F.Supp. 694, 696 ("Courts which have considered the issue have held these provisions, supported by the legislative history of FIRREA, require exhaustion of administrative procedures, at least to the extent of initial presentation of claims to RTC, prior to the assertion of a claim against RTC in court."); *Circle Industries v. City Federal Sav. Bank, supra,* 749 F.Supp. 447, 455, affd., 931 F.2d 7 (2d Cir. 1991) ("In enacting FIRREA, Congress intended litigants like Circle Industries to first submit their claims against failed savings and loan institutions to the RTC or FDIC before commencing an action in district court."); *Rexam Ltd. v. Resolution Trust Corp.* (D.P.R. 1990) 754 F.Supp. 245, 246 ("[W]e must conclude that the statutory reference to the administrative procedures is a requirement for the exhaustion of administrative remedies before this Court can exercise subject matter jurisdiction."); *United Bank of Waco v. First Republic Bank Waco* (W.D.Tex. 1991) 758 F.Supp. 1166, 1168 (Motion to dismiss granted because: "In this case, no claim was ever filed with the FDIC. Accordingly, the counterclaims in this case should be disallowed."); *Meliezer v. Resolution Trust Corp., supra,* 952 F.2d 879, 882 (Motion to dismiss granted because court did not have subject matter jurisdiction due to the failure of plaintiffs to pursue their administrative remedies under § 1821(d)(3)(C).); *Resolution Trust Corp. v. Elman, supra,* 761 F.Supp. 245, 247 ("The statutory claim process is mandatory for all creditors of insolvent banks."); *Matter of First City Nat. Bank and Trust Co.* (S.D.N.Y. 1991) 759 F.Supp. 1048, 1053 ("Congress had the power to require creditors to submit pre-existing claims to administrative procedures, so long as those procedures did not offend due process; and these do not. It necessarily follows that this Court lacks subject matter jurisdiction to grant the relief which the Firm requests."); *Matter of Federal Deposit Ins. Corp.* (D.Mass. 1991) 762 F.Supp. 1002; *United States v. Altman* (S.D.Miss. 1991) 762 F.Supp. 139 (all claims against RTC dismissed with prejudice); and *Connecticut Bank and Trust v. CT Partners* (D.Conn. 1991) 136 F.R.D. 347.

Respondents can derive no comfort from section 1821(d)(5)(F)(ii), which provides that ". . . the *filing of a claim with the receiver* shall not prejudice any right of the claimant to continue any action which was filed before the appointment of a receiver." (Italics added.) "As the language makes clear, a party can only continue an action previously instituted *if* the party files a claim with the receiver. In this case [the claimant] admittedly did not file a claim

has exhausted the administrative claims process, no court has jurisdiction to hear the claim.

In light of the foregoing, it is clear from both the express language of section 1821(d)(13)(D), and the cases interpreting it, that courts must not interfere in receivership claims until after the claimant has exhausted the administrative process. Adjudication by the trial court of plaintiffs' claim before that claim had been taken through the administrative process directly contravened the express provisions of federal law which mandate that the receiver evaluate a claim in the first instance without parallel jurisdiction being exercised in the courts. Until the administrative claims procedure is complied with, the trial court was without jurisdiction to act. Accordingly, the trial court's granting of plaintiffs' motion for summary judgment was erroneous and must be reversed.

In view of our opinion that the courts lack subject matter jurisdiction until plaintiffs comply with the mandatory exhaustion of administrative remedies under FIRREA, we do not decide the second principal contention on this appeal.

## V.

### DISPOSITION

The judgment granting plaintiffs' motion for summary judgment is reversed and the matter is remanded to the trial court with directions to enter

---

with the receiver. Accordingly, 1821(d)(5)(F)(ii) does not apply." (Original italics.) (*In re Parker North American Corp.* (Bankr. C.D. Cal. 1992) 148 Bankr. 925, 928.) *Parker* further points out that: "The position that exhaustion [of remedies] is mandated has been supported by every court that has analyzed this issue." (*Id.*, at p. 929.)

One court has recently put this issue in perspective. "Not much under FIRREA is clear. . . . However, through judicial interpretation of this labyrinthine statute it is clear to this court that 'FIRREA makes participation in the administrative review process mandatory for all parties asserting claims against the failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver.' [Citations.] 'Accordingly, . . . where a claimant has been properly notified of the appointment of a federal insurer as receiver, 12 U.S.C. § 1821(d)(3)(B)-(C), and has nonetheless failed to initiate an administrative claim within the filing period, 12 U.S.C. § 1821(d)(3)(B)(i), the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court.' " (*Resolution Trust Corp. v. J.F. Associates* (N.D.N.Y. 1993) 813 F.Supp. 951, 952-953.)

an order of dismissal against plaintiffs for lack of subject matter jurisdiction. Costs on appeal are awarded to appellant.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied March 31, 1994, and respondents' petition for review by the Supreme Court was denied May 26, 1994. Mosk, J., was of the opinion that the petition should be granted.