[No. B208164. Second Dist., Div. Five. Apr. 29, 2009.]

TONY NEMAN, Plaintiff and Appellant, v.
COMMERCIAL CAPITAL BANK, Defendant and Respondent.

COUNSEL

Mink Law Firm and Lyle R. Mink for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, David R. Zaro and Joshua A. del Castillo for Defendant and Respondent.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

In 1989, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, which is often referred to by the acronym FIRREA, and is codified at title 12 United States Code section 1821(d) (the act). The act was designed to provide for takeovers of failed federally insured banking institutions. And the act was designed to provide a smooth mechanism for the rehabilitation and disposal of claims against such institutions. (*Yeomalakis v. F.D.I.C.* (1st Cir. 2009) 562 F.3d 56, 60; *Marquis v. F.D.I.C.* (1st Cir. 1992) 965 F.2d 1148, 1154.) As will be noted, the act created an administrative review process for the resolution of claims against a failed bank. Here, the Federal Deposit Insurance Corporation, as the receiver for defendant, Washington Mutual Bank as the successor to Commercial Capital Bank, FSB, has moved to dismiss or further stay the appeal of plaintiff, Tony Neman. We conclude the Federal Deposit Insurance Corporation has presented no basis to dismiss plaintiff's appeal. But we agree with the Federal Deposit Insurance Corporation it is entitled to a stay of the appeal pending completion of the 180-day time period described in title 12 United States Code section 1821(d)(5)(A)(i) in order to complete the administrative review process.

## II. PROCEDURAL BACKGROUND

On March 3, 2005, plaintiff and U.S. Development 26, LLC (the limited liability corporation), filed suit against Commercial Capital Bank, FSB. Plaintiff alleged he was the "managing member" of the limited liability corporation and the personal guarantor of two construction loans. After answering, Commercial Capital Bank, FSB, filed a cross-complaint against the limited liability corporation, plaintiff, and two other cross-defendants. On August 25, 2006, Commercial Capital Bank, FSB, filed its first summary judgment and adjudication motion. On November 11, 2006, the summary

judgment and adjudication motion of Commercial Capital Bank, FSB, was denied. On January 10, 2008, Commercial Capital Bank, FSB, filed another summary judgment motion. On March 25, 2008, the summary judgment motion of Commercial Capital Bank, FSB, was granted. On April 15, 2008, judgment was entered on plaintiff's complaint in favor of Commercial Capital Bank, FSB. On its cross-complaint, Commercial Capital Bank, FSB, received $185,489.74 plus interest and costs including attorney fees. On May 27, 2008, plaintiff appealed from the judgment in favor of Commercial Capital Bank, FSB.

On September 25, 2008, the Federal Deposit Insurance was appointed as the receiver for Washington Mutual Bank, the successor in interest of Commercial Capital Bank, FSB, by Darrell W. Dochow, the Regional Director of the Office of Thrift Supervision of the United States Department of the Treasury. On December 3, 2008, we ordered the Federal Deposit Insurance Corporation substituted as defendant in place of Washington Mutual Bank, the successor in interest of Commercial Capital Bank, FSB. On December 2, 2008, plaintiff and the limited liability corporation filed a claim with the Federal Deposit Insurance Corporation which involved the matters set forth in the complaint. Further, pursuant to title 12 United States Code section 1821(d)(12)(A)(ii),[1] the motion of the Federal Deposit Insurance Corporation for a 90-day stay of the appeal until March 4, 2009, was granted. While the 90-day stay was in effect, the Federal Deposit Insurance Corporation moved to dismiss plaintiff's appeal, or in the alternative, stay his appeal pending the conclusion of its administrative review process. The limited liability corporation is not a party to this appeal.

### III. DISCUSSION

The act is so extraordinarily complex that one circuit court panel described it thusly: "[The act's] text comprises an almost impenetrable thicket, overgrown with sections, subsections, paragraphs, subparagraphs, clauses, and subclauses—a veritable jungle of linguistic fronds and brambles. In light of its prolixity and lack of coherence, confusion over its proper interpretation is not only unsurprising—it is inevitable." (*Marquis v. F.D.I.C., supra,* 965 F.2d at p. 1151.) Another circuit wrote: " 'Section 1821(d) is comprised of nineteen separately numbered fascicles, most with myriad subparts, occupying seven pages of the United States Code. It is, in short, an avalanche of words.' " (*F.D.I.C. v. Lacentra Trucking, Inc.* (11th Cir. 1998) 157 F.3d 1292, 1300.) Fortunately, since its adoption in 1989, courts have resolved many of

---

[1] Title 12 United States Code section 1821(d)(12)(A)(ii) states: "After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed—[¶] . . . [¶] (ii) 90 days, in the case of any receiver, [¶] in any judicial action or proceeding to which such institution is or becomes a party."

the act's ambiguities. Rather than engage in a detailed analysis of the act, we will rely on the controlling decisional authority.

■ First, there is no merit to the argument of the Federal Deposit Insurance Corporation that the appeal must be dismissed. At the outset, it bears emphasis that state courts have subject matter jurisdiction over lawsuits against failed federally insured financial institutions filed prior to the appointment of the Federal Deposit Insurance Corporation as the receiver. (*RTC Commercial Assets v. Phoenix Bond & Indem.* (7th Cir. 1999) 169 F.3d 448, 454; *Holmes Fin. Associates v. Resolution Trust Corp.* (6th Cir. 1994) 33 F.3d 561, 566, 569–570 & fn. 6; *Simard v. Resolution Trust Corp.* (D.C.App. 1994) 639 A.2d 540, 545, fn. 8; *Robbins v. Foothill Nissan* (1994) 22 Cal.App.4th 1769, 1772, 1780–1786 [28 Cal.Rptr.2d 190].) As noted, this is a case where suit was filed and the matter was on appeal when the Federal Deposit Insurance Corporation was appointed as the receiver and plaintiff then filed his administrative claim. The Federal Deposit Insurance Corporation argues though that since the administrative review process has not yet been completed, the appeal must be dismissed.

■ Title 12 United States Code section 1821(d)(2)(H)[2] provides that the Federal Deposit Insurance Corporation, once it is appointed as the receiver, has the obligation to pay all valid claims of a failed bank. (*Sharpe v. FDIC* (9th Cir. 1997) 126 F.3d 1147, 1154; *Robbins v. Foothill Nissan, supra,* 22 Cal.App.4th at pp. 1776–1780.) In order to evaluate creditors' claims, the act provides for an administrative review process. (12 U.S.C. § 1821(d)(3), (5); *Meliezer v. Resolution Trust Co.* (5th Cir. 1992) 952 F.2d 879, 881 ["To assure that the RTC or Federal Deposit Insurance Corporation could deal expeditiously with failed depository institutions, Congress created a new claims determination procedure by which the creditors of a failed institution may be required to first present their claims to the Receiver for administrative consideration before pursuing a judicial remedy." (Fn. omitted.)].) The duration of the administrative review process is set forth in title 12 United States Code section 1821(d)(5)(A)(i): "Before the end of the 180-day period beginning on the date any claim against a depository institution is filed with the [Federal Deposit Insurance Corporation] as receiver, the [Federal Deposit Insurance Corporation] shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such a claim." (See *Carney v. Resolution Trust Corp.* (5th Cir. 1994) 19 F.3d 950,

---

[2] Tile 12 United States Code section 1821(d)(2)(H) provides, "The Corporation, as conservator or receiver, shall pay all valid obligations of the insured depository institution in accordance with the prescriptions and limitations of this chapter."

956, fn. 1; *Meliezer v. Resolution Trust Co., supra*, 952 F.2d at p. 881.) The parties may agree in writing to extend the 180-day period. (12 U.S.C. § 1821(d)(5)(A)(ii).)[3]

■ The act does not explicitly require exhaustion of the administrative review process as a precondition to resort to the courts. (*Marquis v. F.D.I.C., supra*, 965 F.2d at p. 1151; *Meliezer v. Resolution Trust Co., supra*, 952 F.2d at p. 882.) The United States Supreme Court has held that when a federal statute does not explicitly require exhaustion of an administrative remedy, the issue then turns on whether Congress intended such to exist. (*McCarthy v. Madigan* (1992) 503 U.S. 140, 144 [117 L.Ed.2d 291, 112 S.Ct. 1081]; *Patsy v. Florida Board of Regents* (1982) 457 U.S. 496, 502, fn. 4 [73 L.Ed.2d 172, 102 S.Ct. 2557].) Courts evaluating the act have concluded Congress intended that the exhaustion of the administrative review process before the Federal Deposit Insurance Corporation is mandatory. (*Meliezer v. Resolution Trust Co., supra*, 952 F.2d at p. 882; see *Marquis v. F.D.I.C., supra*, 965 F.2d at p. 1151.) Thus, exhaustion of the act's administrative review process is a precondition to litigation against the Federal Deposit Insurance Corporation to recover a debt owed by a failed bank. (*Meliezer v. Resolution Trust Co., supra*, 952 F.2d at p. 882; *2974 Properties, Inc. v. Resolution Trust Corp.* (1994) 23 Cal.App.4th 871, 878–880 [28 Cal.Rptr.2d 667].) The duty to exhaust the act's administrative review process applies even in a case such as this one where suit is filed and thereafter the Federal Deposit Insurance Corporation was appointed as the receiver for the failed bank. (*Intercontinental Travel Marketing v. F.D.I.C.* (9th Cir. 1994) 45 F.3d 1278, 1283; *Brady Dev. v. Resolution Trust Corp.* (4th Cir. 1994) 14 F.3d 998, 1005; *Resolution Trust Corp. v. Mustang Partners* (10th Cir. 1991) 946 F.2d 103, 106.)

Here, plaintiff could not pursue his administrative remedies at any time suit was pending in the trial court. Judgment was entered on April 15, 2008. The Federal Deposit Insurance Corporation was not appointed as the receiver until September 25, 2008, by Regional Director Dochow of the Office of Thrift Supervision. In *Marquis v. F.D.I.C., supra*, 965 F.2d at pages 1150–1155, in four separate cases, federally insured financial institutions were sued. In each case after suit was filed, the Federal Deposit Insurance Corporation was appointed as the receiver. The Federal Deposit Insurance Corporation contended that the four lawsuits must be dismissed because the district court did not have subject matter jurisdiction as there had yet been no exhaustion of the act's administrative review process. In the four cases, the district court denied the dismissal motions of the Federal Deposit Insurance Corporation. Later, the district court stayed the four actions to permit resort to and operation of the act's administrative review process. (*Id.* at p. 1150.)

---

[3] Title 12 United States Code section 1821(d)(5)(A)(ii) states, "The period described in clause (i) may be extended by a written agreement between the claimant and the Corporation."

■ The First Circuit panel comprehensively examined the act's administrative review process provisions in title 12 United States Code section 1821(d). (*Marquis v. F.D.I.C., supra,* 965 F.2d at pp. 1151–1154.) The Court of Appeals held that a district court retains subject matter jurisdiction after suit is filed and the Federal Deposit Insurance Corporation is then later appointed to act as the receiver for a failed financial institution. And the Court of Appeals rejected the argument of the Federal Deposit Insurance Corporation that the four pending cases against the failed financial institutions must be dismissed. (*Id.* at p. 1154.) The First Circuit panel explained: "In our opinion, reading [the act] in this fashion is as faithful as possible to the statute's text, harmonizes its various provisions, and is consistent with the policies which Congress sought to advance. Faced with a national banking crisis, Congress wanted to facilitate takeovers of insolvent financial institutions and smooth the modalities by which rehabilitation might be accomplished. To this end, [the act] was designed to create an efficient administrative protocol for processing claims against failed banks. This objective would be disserved by forcing the courts to dismiss all pending litigation, only to have the cases refiled when and if administrative settlement proved impracticable. It is difficult to conceive of anything less efficient than dismissing a suit that has been, say, two years in process, only to have an identical suit started afresh some six months later. By staying all proceedings in a pending action until the administrative claims process has run its course, efficacy will be promoted. At that point, suits based upon resolved claims can be dismissed outright, whereas suits based upon claims still unresolved can simply be resumed, thereby dispelling the need to retrace steps already completed." (*Ibid.*; see *Yeomalakis v. F.D.I.C., supra,* 562 F.3d 56, 60.) ■ Here, because plaintiff filed a timely claim with the Federal Deposit Insurance Corporation, the appeal may not be dismissed for failure to comply with the act's administrative review process. (Compare *McLaughlin v. Federal Deposit Ins. Corp.* (1993) 415 Mass. 235, 239 [612 N.E.2d 671, 673] ["Because the plaintiff's claim was not timely filed with the FDIC, we dismiss the plaintiff's appeal."].)

■ However, we agree with the Federal Deposit Insurance Corporation that it is entitled to a stay during the 180-day time period specified in title 12 United States Code section 1821(d)(5)(A)(i). In *Marquis v. F.D.I.C., supra,* 965 F.2d at page 1154, the First Circuit panel held: "We read these sections, in combination, as constructing a scheme under which courts will retain jurisdiction over pending lawsuits—suspending, rather than dismissing, the suits—subject to a stay of proceedings as may be appropriate to permit exhaustion of the administrative review process as it pertains to the underlying claims." (See *Yeomalakis v. F.D.I.C., supra,* 562 F.3d 56, 60.) Other appellate courts are in accord that once the act's administrative review process commences in a case filed prior to the appointment of a receiver for a

failed financial institution, the Federal Deposit Insurance Corporation is entitled to a stay. (*F.D.I.C. v. Lacentra Trucking, Inc., supra,* 157 F.3d at p. 1300; *Damiano v. F.D.I.C.* (11th Cir. 1997) 104 F.3d 328, 334–335; *Aguilar v. F.D.I.C.* (11th Cir. 1995) 63 F.3d 1059, 1061; *Intercontinental Travel Marketing v. F.D.I.C., supra,* 45 F.3d at p. 1284; *Whatley v. Resolution Trust Corp.* (5th Cir. 1994) 32 F.3d 905, 908; *Carney v. Resolution Trust Corp., supra,* 19 F.3d at p. 956; *Brady Dev. v. Resolution Trust Corp., supra,* 14 F.3d at p. 1006; *In re Villa Marina Yacht Harbor, Inc.* (1st Cir. 1993) 984 F.2d 546, 548; *Shamrock, Inc. v. Federal Deposit Insurance Corp.* (1994) 36 Mass.App.Ct. 162 [629 N.E.2d 344, 345–346]; *Resolution Trust Corp. v. Foust* (1993) 177 Ariz. 507 [869 P.2d 183, 189, 192].) Federal district and bankruptcy courts are in accord with the First Circuit's analysis in *Marquis.* (*In re Wickman* (Bankr. D.N.H. 1994) 166 B.R. 790, 791; *Resolution Trust Corp. v. Kolea* (E.D.Pa. 1994) 866 F.Supp. 197, 203; *Guglielmi v. F.D.I.C.* (D.R.I. 1994) 863 F.Supp. 54, 56; *U.S. v. Chorice* (W.D.Mo. 1994) 857 F.Supp. 672, 675; *Celtic Development Corp. v. F.D.I.C.* (D.Mass. 1993) 836 F.Supp. 926, 933–934; *Espinosa v. DeVasto* (D.Mass. 1993) 818 F.Supp. 438, 441; *Resolution Trust Corp. v. J.F. Associates* (N.D.N.Y. 1993) 813 F.Supp. 951, 953; *Proctor-Smith v. Red Bird Bank of Dallas* (N.D.Tex. 1992) 806 F.Supp. 129, 130–131; *Aliberti, Larochelle & Hodson v. First Meridian* (D.Me. 1992) 795 F.Supp. 42, 44; *Guidry v. Resolution Trust Corp.* (E.D.La. 1992) 790 F.Supp. 651, 655; *Coston v. Gold Coast Graphics, Inc.* (S.D.Fla. 1992) 782 F.Supp. 1532, 1536; *Matter of Federal Deposit Ins. Corp.* (D.Mass. 1991) 762 F.Supp. 1002, 1005; *Tuxedo Beach Club Corp. v. City Federal Sav. Bank* (D.N.J. 1990) 737 F.Supp. 18, 19; e.g., *F.D.I.C. v. Wilson's Famous Blue Ribbon Meats, Inc.* (E.D.Pa. 1993) 835 F.Supp. 245, 246–247; *In re Wissel & Sons Const. Co., Inc.* (Bankr. D.N.J. 1993) 160 B.R. 48, 57; *Estate of Harding by Williams v. Bell* (D.N.J. 1993) 817 F.Supp. 1186, 1196.)

In *Marquis,* the First Circuit panel held that although the act does not provide a textual basis for staying an action during the mandatory resort to the administrative review process, federal courts possess the inherent power to stay proceedings. (*Marquis v. F.D.I.C., supra,* 965 F.2d at pp. 1154–1155; see *Microfinancial, Inc. v. Premier Holidays Intern.* (1st Cir. 2004) 385 F.3d 72, 77.) We too have the power to stay this appeal under these circumstances. (*People ex rel. S.F. Bay etc. Com. v. Town of Emeryville* (1968) 69 Cal.2d 533, 539 [72 Cal.Rptr. 790, 446 P.2d 790] [" 'The provisions of this chapter shall not limit the power of a reviewing court . . . to stay proceedings during the pendency of an appeal . . . .' "]; Code Civ. Proc., § 128, subd. (a)(8) ["Every court shall have the power . . . [¶] . . . [¶] (8) To . . . control its process and orders so as to make them conform to law and justice."].) Thus, we agree with the Federal Deposit Insurance Corporation that the appeal should be stayed until the completion of the administrative review process. Once the stay is vacated, we can proceed with setting the cause for oral argument and

filing our opinion. (*Shamrock, Inc. v. Federal Deposit Insurance Corp., supra,* 629 N.E.2d at pp. 345–346.)

## IV. DISPOSITION

Further proceedings before this court are stayed for 180 days after the date upon which plaintiff filed his claim with the Federal Deposit Insurance Corporation. If the parties agree in writing to extend the duration of the administrative review process pursuant to title 12 United States Code section 1821(d)(5)(A)(ii), counsel for the Federal Deposit Insurance Corporation shall provide written notice to the clerk of this court. This notice shall be provided within seven days of execution of the extension of time agreement. Upon expiration of the stay, the court will set the matter for oral argument.

Armstrong, J., and Kriegler, J., concurred.